IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

BOBBY THOMAS,                          )
                                       )
          Plaintiff,                   )
                                       )
v.                                     )          CASE NO. 1:20-CV-430-KFP
                                       )
ANDREW SAUL,                           )
Commissioner of Social Security,       )
                                       )
          Defendant.                   )

## MEMORANDUM OPINION AND ORDER

The Commissioner has filed an Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g). Doc. 16. The Commissioner also filed a supporting memorandum asserting that reversal and remand are necessary so the Commissioner may give further consideration to the medical source statement of Paul Weeks, D.C., in accordance with 20 C.F.R. § 416.920c. Doc. 17. In addition, the parties consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c). Docs. 8 and 9.

Sentence Four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "the decision is not supported by substantial evidence [or the Commissioner or ALJ] incorrectly applied the law relevant to the disability claim."

*Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996). In this case, the Court finds reversal and remand necessary, as Defendant concedes reconsideration and further development of the record is required. Doc. 17.  Accordingly, it is

ORDERED that the Commissioner's motion is GRANTED. The decision of the Commissioner is REVERSED and REMANDED for further proceedings under 42 U.S.C. § 405(g). It is further

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273, 1278 n.2 (11th Cir. 2006), Plaintiff has **90 days** after receipt of notice of an award of past due benefits to seek attorney's fees under 42 U.S.C. § 406(b). *See also Blitch v. Astrue,* 261 Fed. App'x 241, 241 n.1 (11th Cir. 2008).

A separate judgment will issue.

DONE this 1st day of February, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE